Tony Lawrence THOMPSON, Petitioner–Appellant,

v.

Larry SMALL, Warden, Respondent– Appellee.

No. 04–55562.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided Aug. 18, 2005.

As Amended Sept. 19, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

582

Tony Lawrence Thompson, Vacaville, CA, pro se.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Petitioner—Appellant.

Joseph P. Lee, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM *

Tony Thompson was convicted by the state of California in 1996 for robbery and petty theft and since that time has been serving a three-strikes sentence of 30 years to life in prison for stealing cases of baby formula to feed his two hungry and anemic young daughters. He appeals the district court's dismissal of his petition for a writ of habeas corpus. Because we hold that the state court was objectively unreasonable in concluding that trial counsel's closing argument did not amount to a concession of his guilt, and thus ineffective assistance of counsel, in violation of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we reverse the district court and remand for issuance of the writ.

■ Thompson is entitled to a writ of habeas corpus under AEDPA if the state court's determination either was based on an unreasonable determination of the facts or unreasonably applied clearly-established Supreme Court law. *See* 28 U.S.C. § 2254(d). Here, it was both. First, the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

state court's decision was based on the unreasonable factual finding that counsel conceded Thompson's guilt in only one isolated passage and did so sarcastically only to debunk the prosecutor's contentions. In finding that counsel conceded guilt in only one isolated passage, the state court neglected the numerous direct and indirect concessions in the record. *See* Appendix (excerpt of the Record of Trial); *see also Taylor v. Maddox*, 366 F.3d 992, 1007–08 (9th Cir.2004) ("[I]n making findings, a judge must acknowledge significant portions of the record, particularly where they are inconsistent with the judge's findings.... Failure to consider key aspects of the record is a defect in the fact-finding process."). Moreover, there is no evidence to support the state court's conclusion that counsel asserted that all of the elements of robbery were met in order to debunk it. A plain reading of the record compels a contrary conclusion. *See id.* at 999–1000 (holding that factual findings "unsupported by sufficient ... [or] substantial evidence in the state-court record" constitute unreasonable determinations of the facts under § 2254(d)(2)). Here, the record reveals that at the several points that he conceded his client's guilt, counsel made no effort at all to debunk the conclusions the prosecution advanced.

■ We also hold that the state court unreasonably applied *Strickland* in concluding that counsel's conduct was not deficient. In a capital case where evidence of guilt is overwhelming, counsel may concede guilt in order to generate sympathy for the penalty phase. *See Florida v. Nixon*, —— U.S. ——, ——, 125 S.Ct. 551, 563, 160 L.Ed.2d 565 (2004). But, unlike *Nixon*, this is not a capital case, evidence of guilt is not overwhelming, and "avoiding execution" is not "the best and only realistic result possible." *See id.* at 562. This is a non-capital case in which the only evidence of guilt was conflicting testimony. Nevertheless, defense counsel admitted

the credibility of the government's principal eyewitnesses, and then proceeded to admit his client's failure to raise reasonable doubt on the only element of robbery being contested at trial. In fact he stated that the defense had proved the prosecution's case *beyond a reasonable doubt. See* Appendix. Moreover, counsel continued to rely exclusively on a necessity defense despite the court's refusal to issue a necessity instruction. There is no evidence that counsel obtained petitioner's consent for his strategy at closing argument. *See United States v. Thomas*, 417 F.3d 1053, 1060 (9th Cir.2005) ("[W]e therefore must draw a firm line that any counsel who makes concessions of guilt not previously discussed with the client is incompetent."). Combined, these errors render counsel's summation incompetent even under the deferential standard applicable on habeas review. *See Yarborough v. Gentry*, 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam).

Because the state court never reached the prejudice inquiry, we decide it *de novo. See e.g., Rompilla v. Beard*, —— U.S. ——, ——, 125 S.Ct. 2456, 2467, —— L.Ed.2d ——, —— (2005) ("Because the state courts ... never reached the issue of prejudice, ... we examine this element of the *Strickland* claim *de novo* ...."). Thompson admitted stealing the formula from the store, but he vigorously contested one element of the robbery crime—whether the taking was accomplished either by force or fear. *See* CAL.PENAL CODE § 211. In his closing argument, the prosecutor stated that the case came down to a question of credibility: whether the jury believed Thompson or the store manager. Remarkably, Thompson's counsel told the jury that the store manager was credible and that his client had proven himself guilty *beyond a reasonable doubt.* Despite all of this, the jury was still unsure whether Thompson was guilty of using "force or fear"; after five hours of deliberations, it

sent a note to the court requesting the legal definitions of the words "intimidation" and "force." Even after receiving the definitions, it continued with its deliberations rather than immediately returning a guilty verdict. Therefore, we conclude there is a reasonable probability that the result might have been different had Thompson's counsel been competent and argued his client's credibility.

Thompson has met his burden of proving prejudice regarding his robbery conviction. This conclusion alone satisfies his burden under *Strickland. See Benton v. Maryland,* 395 U.S. 784, 790–91, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). We note further that had Thompson been convicted only of petty theft with priors, pursuant to California Penal Code § 666, he would have been eligible for a misdemeanor sentence, rather than a thirty-year "three strikes" sentence. *See* CAL.PENAL CODE § 17.

The district court's dismissal of Thompson's petition is reversed, and the case is remanded to that court for issuance of a writ of habeas corpus. In that writ, the district court is directed to grant the petition as to the robbery, and to vacate that conviction. It is also directed, in the writ, to vacate Thompson's sentence as to the petty theft conviction and to instruct the state court to entertain a motion to reduce that offense to a misdemeanor and/or to dismiss petitioner's prior strike convictions in the interests of justice. The panel retains jurisdiction over all further proceedings in this court.

REVERSED AND REMANDED.

APPENDIX

Excerpts from the Record of Trial:
Counsel's Closing Argument

Motive. Is there a motive to lie by the witness? Did Arambula have a reason to lie? Not particularly, ... I don't think she lied. RT 282–83.

Elements of the crime. [The prosecutor] took you through it with his nicely prepared ... made posters. *I won't go on those issues.* You've seen them once. Everyone on this—on this jury is very smart. No doubt about it. RT 283.

Admissibility of the evidence. And does it convince you beyond a reasonable doubt that this person is guilty? Yes, most likely it does.... [H]e made that very easy for you. RT 283–84.

It's a very simple case, cut and dry. He even got on the stand and helped convict himself. Very simple. No alibi. He just did that. RT 285.

Reasonable doubt has to be created by the prosecution. They've got to prove him guilty beyond a reasonable doubt. Remember, I said that at first. Well, they didn't. They didn't. They didn't. They didn't do that. *We all did it.* Because he got up there and he testified. They put their witness on the stand and she testified. And by gosh, *we've satisfied everything necessary for the prosecution to prove us guilty.* RT 285–86.

Wow, Technically, that's a robbery. Technically, this man is guilty. Technically. But we're human. Are we living off technicalities? RT 286.

This is going to be very hard for you to find *this man not guilty.* Can't help but be very hard. But it can be done. Because you have to use your common sense. You swore to be a juror, and jurors are human beings. And you didn't give up your humanity. RT 292.

It's going to be very hard to find this man not guilty, very hard, if that's what you want to do. RT 295.